USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __8/3/2022_____

**UNITED STATES DISTRICT** [COURT]
**SOUTHERN DISTRICT OF N**[EW YORK]

| | |
|---|---|
| DEBORAH BROWN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COTY, INC.,<br><br>Defendant. | Civil Case No.: 1:22-cv-02696<br><br>Hon. Analisa Torres |

## STIPULATED PROTECTIVE ORDER OF CONFIDENTIALITY

WHEREAS, the parties to the above-captioned matter (collectively, "Parties") believe that one or more of them may be required to disclose to another party trade secrets, proprietary business information, and confidential personal or business information relating to the subject matter of these actions; and,

WHEREAS, the Parties recognize that Confidential and Highly Confidential - Attorneys' Eyes Only Information (as defined below) may be produced by a party or a non-party, and the Parties seek to facilitate the production and protection of such Confidential and Highly Confidential Information, and to ensure protection is afforded only to material entitled to such treatment, pursuant to the Court's inherent authority, its authority under Fed. R. Civ. P. 16 and 26, the judicial opinions interpreting such Rules, and any other applicable law; and,

WHEREAS, the Parties desire to protect Confidential and Highly Confidential - Attorneys' Eyes Only Information from unauthorized use and inappropriate disclosure, and to ensure that no advantage is gained by any party by the use of such Confidential and Highly Confidential Information that could not have been gained had discovery in this action not occurred; and,

WHEREAS, the Parties recognize that the prosecution and defense of this action may require each party to review and disclose large quantities of information and documents,

1

including electronically stored information, through the discovery process; and,

WHEREAS, page-by-page pre-production privilege review may accordingly impose an undue burden on the Parties' resources, or may otherwise be impracticable; and,

WHEREAS, each party is entitled to decide the appropriate degree of care to exercise in reviewing materials for privilege, taking into account the volume and sensitivity of the materials, the demands of the litigation, and the resources that the party can make available; and,

WHEREAS, to expedite the flow of discovery material, facilitate the prompt resolution of any disputes over confidentiality, and adequately protect material that is entitled to be kept confidential, the Parties have consented to the entry of this Stipulated Protective Order of Confidentiality ("Order" or "Protective Order").

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing this action;

IT IS HEREBY STIPULATED, AGREED, AND ORDERED that any person subject to this Order—including without limitation the Parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—will adhere to the following terms:

**I.      DEFINITIONS**

A.      **"Confidential Information"** means any non-public information designated "Confidential" or "Confidential Information" that the producing party reasonably and in good faith believes should be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, including but not limited to trade secret or other confidential research, development, or

commercial information, personal identifying information of the type described in Fed. R. Civ. P. 5.2, and personal financial information. Confidential Information may include research, testing, and development; business and marketing strategy; regulatory compliance and communications; non-public financial information and projections; risk assessment and analysis; trade secrets, proprietary business records, and other intellectual property; supplier and customer lists or information; cost, pricing, sales, or production data; sensitive personal information; or any other information that a party is obligated to preserve as confidential; and, all information compiled, derived, excerpted, or generated from such materials.

B. **"Document"** means all written, recorded, or graphic material. The term "document" includes Hard-Copy Documents, Electronic Documents, and Electronically-Stored Information (ESI).

C. **"Highly Confidential - Attorneys' Eyes Only Information"** means information designated as "Highly Confidential - Attorneys' Eyes Only" or "Attorneys' Eyes Only" by the producing party that the producing party in good faith believes could reasonably result in commercial, financial, or business injury to the producing party (other than injury to the producing party's position in this case) in the event of the disclosure, dissemination, or use by or to any of the persons not enumerated in Paragraph II.E.

D. **"Stamped Confidential Document"** means any document that bears the mark "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER"; "CONFIDENTIAL"; "CONFIDENTIAL INFORMATION"; "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER"; or that is otherwise marked in a way that brings attention to a reasonable examiner to signify that the document contains Confidential or Highly Confidential - Attorneys' Eyes Only Information subject to protection. Stamped

Confidential Documents are those that qualify for protection under Rule 26(c) of the Federal Rules of Civil Procedure and satisfy the definition for Confidential Information or Highly Confidential Information under this Order. Interrogatory answers, responses to requests for admission, deposition videos, deposition transcripts and exhibits, pleadings, motions, affidavits, as well as briefs that quote, summarize, or contain Confidential or Highly Confidential - Attorneys' Eyes Only Information may be afforded status as a Stamped Confidential Document, but, to the extent feasible, shall be prepared in such a manner that the Confidential or Highly Confidential-Attorneys' Eyes Only Information is provided separately from material that is not entitled to protection. The designation of a document as a Stamped Confidential Document is a representation that the document has been reviewed by an attorney representing the Party making the designation or by a designated reviewer under the direction of counsel and that there is a good faith basis for such designation. Should a Producing Party subsequently determine that such Discovery Material does not contain Confidential Information or Highly Confidential Information, the Producing Party should (i) revoke its designation; and (ii) promptly notify all other Parties that it is withdrawing the designation.

E.  **"Producing Party"** means the party or non-party (including any third party) that produced the Stamped Confidential Document(s).

F.  **"Litigation"** means the above-captioned matter.

G.  **"Privileged Material"** means any document or information that is, or that the Producing Party asserts is, protected from disclosure by a privilege or other immunity, including, without limitation, the attorney-client privilege, the work product immunity, or the joint defense or common interest privilege.

**II.     NON-DISCLOSURE OF CONFIDENTIAL OR HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY INFORMATION**

A.      Except by prior written consent of the Producing Party, as provided in this Order, or as may be ordered by the Court, Confidential or Highly Confidential - Attorneys' Eyes Only, Information may not be disclosed by a non-Producing Party to any person except as described below.

B.      Confidential Information may be disclosed by a non-Producing Party only to:

1.      The parties and counsel of record for the parties in the Litigation, including attorneys, secretaries, paralegal assistants, and other employees of such counsel, and the in-house counsel and other legal professionals of such parties, only to the extent reasonably necessary to render professional services in the Litigation, and for use exclusively in the Litigation and for no other purpose.

2.      Judges, court reporters, court personnel, and videographers present at trial, hearings, arguments, depositions, and any other judicial proceedings held in the Litigation.

3.      Other persons who may be designated by prior written consent of the Producing Party or pursuant to Court order, but only for purposes of the Litigation and for no other purpose, provided that such persons agree in writing in advance to be subject to the terms and requirements of this protective order.

4.      Witnesses during depositions and trial testimony in the Litigation, subject to Section IV below.

C.      Subject to subparagraph D of this Section, Confidential Information may also be disclosed by a non-Producing Party for purposes of the Litigation and for no other purpose to:

1. Persons noticed for depositions or designated as trial witnesses in the Litigation to the extent reasonably necessary to prepare such persons to testify;

2. Potential witnesses in the Litigation to whom disclosure is reasonably necessary, only after such persons have completed the Written Assurance contained in Exhibit A. Potential witnesses may maintain possession of Stamped Confidential Documents only consistent with this Order.

3. Consultants or experts retained for the purpose of assisting counsel of record for the parties in the Litigation;

4. Liability insurance companies, or any agents retained by such insurers including independent claims management personnel, from which any Defendant has sought or may seek insurance coverage to (1) provide or reimburse for the defense of this Litigation and/or (2) satisfy all or part of any liability in the Litigation, only to the extent reasonably necessary;

5. Any contractual indemnitors of the Defendant and their attorneys; and

6. Third-party contractors retained for the purpose of organizing, filing, coding, converting, storing, or retrieving data or designing database programs for handling Confidential Information for the Litigation.

D. Before disclosing Confidential Information to any person pursuant to subparagraph C, the party proposing such disclosure must provide a copy of this Protective Order to such person, who must sign the Written Assurance attached as Exhibit A and the party's counsel will retain a signed copy on file for inspection by the Court. If the person to whom disclosure is contemplated does not sign the Written Assurance, then the parties will work cooperatively to resolve the issue to their mutual satisfaction and, if necessary, obtain a prompt hearing before this Court to resolve any issues of confidentiality, and no Confidential Information will be disclosed until the Court

resolves such issues.

     E.     Highly Confidential - Attorneys' Eyes Only Information shall not be disclosed to any person or entity except those specified in subparagraphs (1)-(6) below:

          1.     Outside counsel for the parties in the Litigation, including attorneys, secretaries, paralegal assistants, and other employees of such counsel, and the in-house counsel for such parties, provided that (a) the in-house counsel has primary responsibility for the Litigation, and (b) disclosure to the in-house counsel is reasonably necessary to the Litigation, and for use exclusively in the Litigation and for no other purpose;

          2.     Judges, court reporters, court personnel, and videographers present at trial, hearings, arguments, depositions, and any other judicial proceedings held in the Litigation;

          3.     Deponents in the Litigation to whom disclosure is reasonably necessary. Prior to the first disclosure of any Confidential Information to a deponent, the party seeking to use the Confidential Information shall alert the Deponent of the Confidential or Highly Confidential designation and receive assurances on the transcribed record of the Deponent's understanding and agreement not to disclose the Confidential Information. Deponents shall not retain a copy of documents containing Confidential or Highly Confidential - Attorneys' Eyes Only Information, except deponents may receive a copy of all exhibits marked at their depositions solely in connection with a review of the transcripts and must return or destroy all copies after their review. Pages of transcribed deposition testimony or exhibits to depositions that are properly designated as Highly Confidential - Attorneys' Eyes Only Information pursuant to the process set out in this Order may not be disclosed to anyone except as permitted under this Order.

          4.     Potential witnesses in the Litigation to whom disclosure is reasonably necessary, only after such persons have completed the Written Assurance contained in Exhibit A.

Potential witnesses may maintain possession of Stamped Confidential Documents only consistent with this Order.

   5. Consultants or experts retained for the purpose of assisting counsel of record for the parties in the Litigation, provided that such persons have completed the Written Assurance contained in Exhibit A;

   6. Third-party contractors retained for the purpose of organizing, filing, coding, converting, storing, or retrieving data or designing database programs for handling Confidential Information for the Litigation; and,

   7. Other persons only by prior written consent of the designating party or upon order of the Court, and on such conditions as may be agreed or ordered.

 F. A recipient of Stamped Confidential Documents must keep them in a secure area and must exercise due care to restrict access to those persons described in accordance with this Section II. Any summary, copy of, or excerpt from, a Stamped Confidential Document is subject to this Order to the same extent as the Stamped Confidential Document itself, and must be labeled as confidential. A recipient shall not duplicate any Stamped Confidential Document except for use as working copies and for filing in court.

 G. To mitigate security risks inherent in certain current technologies and to facilitate compliance with the terms of this Order, unless the Producing Party agrees otherwise in writing, all persons with access to Confidential or Highly Confidential - Attorneys' Eyes Only Information are prohibited from storing or transmitting any Confidential or Highly Confidential -Attorneys' Eyes Only Information in or via any online service that is managed or maintained by any third-party other than a reputable litigation support service provider that uses (i) a secure document hosting facility, (ii) encrypted web-enabled software, (iii) secure sharing and collaboration among

8

only authorized users, and (iv) does not employ "cloud computing" services unless the data is encrypted at rest and in transmission, and the provider maintains sole custody and control of the encryption keys.  Notwithstanding the foregoing provision, a reasonably limited number of files containing Confidential or Highly Confidential - Attorneys' Eyes Only Information may be transmitted by email or secure file transfer, provided that the person transmitting the files takes reasonable steps to protect the confidentiality and security of the files.

H.  Any non-party who may be called upon to make discovery herein or provide deposition or other testimony pursuant to subpoena or other formal or informal discovery device is entitled to avail itself of the provisions and protections of this Protective Order.  All material designated by the non-party as Confidential Information or Highly Confidential - Attorneys' Eyes Only Information will be treated in the same manner and fashion as any Confidential or Highly Confidential - Attorneys' Eyes Only Information produced by the parties herein.  This provision does not make any documents discoverable or otherwise available to non-parties.

### III. DECLASSIFICATION OF CONFIDENTIAL OR HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY INFORMATION

A.  The party designating information, documents, materials, or items as Confidential or Highly Confidential - Attorneys' Eyes Only Information bears the burden of establishing confidentiality.  Nothing in this Order will be construed as any waiver of any party's right to object to the designation or non-designation of a particular document as Confidential or Highly Confidential - Attorneys' Eyes Only Information.  If a party contends that any document has been erroneously or improperly designated or not designated as having Confidential or Highly Confidential - Attorneys' Eyes Only Information, or a party wishes to show the document to individual(s) who are not listed above in Section II.B–C, II.E, the document at issue shall be treated as confidential until the parties reach a written agreement or this Court issues an order determining

the confidentiality of the document.

      B.      If a party in good faith wishes to challenge a Producing Party's designation of information or documents as Confidential or Highly Confidential - Attorneys' Eyes Only Information ("Objecting Party"), the Objecting Party must:

           1.      Notify the Producing Party in writing and reasonably identify the particular document(s) or information;

           2.      The parties will meet and confer in an effort to reach agreement regarding the document(s) or information at issue;

           3.      If, after fourteen (14) business days since the Objecting Party's notification to the Producing Party of the challenged designation(s), the parties cannot reach agreement on whether some or all of the document(s) or information should remain designated as Confidential or Highly Confidential - Attorneys' Eyes Only Information, then the Objecting Party may move the Court for an order stating that the information designated as confidential is not Confidential or Highly Confidential - Attorneys' Eyes Only Information within the meaning of this Order and is not entitled to the protections of this Order.  On such a motion, the Producing Party shall have the burden of proving that the material is entitled to protection under applicable law.  If the Objecting Party does not file such a motion within thirty (30) days after the expiration of the fourteen (14) day period for negotiation and the Producing Party has not agreed to extend the time for filing such a motion, then the information designated as confidential shall continue to be treated as Confidential or Highly Confidential - Attorneys' Eyes Only Information, without waiver by the Objecting Party of the option to renew its objection in good faith at a future date, following the procedure set forth above.  All parties retain the right to seek review of the decision of the Court.

**IV.**      <u>**CONFIDENTIAL INFORMATION IN DEPOSITIONS**</u>

      A.    Parties and deponents may, within forty-five (45) days after receiving the final deposition transcript from the court reporter, designate the transcript, or portions of the transcript (and exhibits thereto) as Confidential or Highly Confidential - Attorneys' Eyes Only Information. Until expiration of the forty-five (45) day period, the deposition transcript will be treated as Confidential or Highly Confidential - Attorneys' Eyes Only Information subject to this Protective Order.  Upon written notice, a deposition transcript, in whole or in part, is designated as Confidential or Highly Confidential - Attorneys' Eyes Only Information, and all parties shall promptly cause each copy of the transcript in their custody or control to be appropriately marked and limit disclosure of the transcript in accordance with this Order.  If any portion of a deposition transcript or exhibit that has been designated as Confidential or Highly Confidential - Attorneys' Eyes Only Information pursuant to this paragraph is sought to be filed with the Court, then the party seeking to file those materials must file under seal, subject to the process described in Section VI.A below.  Deposition exhibits that are already Stamped Confidential Documents do not need to be re-designated as such after they are used in a deposition, and the parties will continue to treat them according to their designation after the expiration of the forty-five (45) day period.

**V.**    **LEGAL PROCESS FOR STAMPED CONFIDENTIAL DOCUMENTS**

If any person, court, administrative, or legislative body seeks by a discovery request, subpoena, order, or other form of legal process Confidential or Highly Confidential - Attorneys' Eyes Only Information from a non-Producing Party, then the non-Producing Party receiving such discovery request, subpoena, order, or other form of legal process must not, except to the extent required by applicable law or court order, provide, or otherwise disclose such documents or information until thirty (30) days after giving counsel for the Producing Party notice in writing, accompanied by a copy of the discovery request, subpoena, order, or

other form of legal process.  If the Producing Party objects in writing to the disclosure within seven (7) days of receiving such notice, then the non-Producing Party to whom the discovery request, subpoena, order, or other form of legal process is directed agrees not to make any disclosure in response to it until resolution of the objection by the appropriate court, provided however that the Producing Party seeks relief by the appropriate court within fourteen (14) days of serving its objection to disclosure.  If the Producing Party does not seek relief by the appropriate court within fourteen (14) days of its objection, then the non-Producing Party may respond to the discovery request, subpoena, order, or other form of legal process.  The non-Producing Party to whom the discovery request, subpoena, order, or other form of legal process is directed also agrees not to oppose the Producing Party's effort to intervene in the proceeding or quash the subpoena, with the cost of such opposition to the subpoena to be borne by the Producing Party, unless otherwise agreed to by the parties.  There is no obligation on the non-Producing Party, however, to violate a court order or to act in such a fashion as to fall into contempt of court.  This provision does not limit a Producing Party's right to provide its own documents to comply with regulatory reporting requirements or government investigations.

**VI.   FILING AND USE OF STAMPED CONFIDENTIAL DOCUMENTS FOR PRETRIAL PURPOSES**

A.     All parties shall make reasonable efforts to avoid requesting the filing of Confidential or Highly Confidential - Attorneys' Eyes Only Information under seal by, for example, redacting or otherwise excluding from a submission to the Court any such information not directly pertinent to the submission.  Where not reasonably possible, any party wishing to file a document or paper containing Confidential or Highly Confidential - Attorneys' Eyes Only Information may, pursuant to the Local Rules and other applicable authority, request by motion that such information be filed under seal.  The Court shall then determine whether such

document(s) may be filed under seal. The Parties acknowledge that this Order does not entitle them to file Confidential Information or Highly Confidential Information – Attorneys' Eyes Only under seal; the Local Civil Rules and the Court's Individual Rules set forth the procedures that must be followed and the standards that will be applied when a person seeks permission from the Court to file material under seal.

B.  If a party anticipates it may display Confidential or Highly Confidential – Attorneys' Eyes Only Information during pre-trial proceedings, the parties will meet and confer in advance to discuss whether to propose restrictions on the courtroom proceedings to protect the Confidential or Highly Confidential - Attorneys' Eyes Only Information or the contents of the Stamped Confidential Documents. If the parties cannot agree on such restrictions, either party is free to make a proposal to the Court.

### VII. PROPER USE OF CONFIDENTIAL OR HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

Confidential or Highly Confidential - Attorneys' Eyes Only Information must not be used for any business, competitive, legal, or any other purpose unrelated to the Litigation without the express written consent of counsel for Producing Party. Nothing in this Protective Order limits any Producing Party's use of its own documents or prevents any Producing Party from disclosing its own Confidential or Highly Confidential - Attorneys' Eyes Only Information.

### VIII. DOCUMENTS OTHERWISE OBTAINED

This Order shall not prevent the parties or other persons bound hereby from making use of documents, information, or materials independently obtained without the restrictions of this Order if the documents, information, or materials are already lawfully available to the public or are otherwise lawfully obtained.

### IX. NON-TERMINATION

The provisions of this Protective Order will not terminate at the conclusion of the Litigation.  This Order is, and will be deemed to be, an enforceable agreement between the parties, non-parties who invoke the protections of this Order, and any agent or attorney of these parties or non-parties.  Upon the request of any party after the final conclusion of the Litigation (including without limitation any appeals, and after the time for filing appellate proceedings has passed), each party so requested must return all Stamped Confidential Documents to the counsel for the party that produced it, and/or destroy it or otherwise comply with an applicable order of the Court. The return or destruction of Stamped Confidential Documents under this paragraph will include, without limitation, all copies and duplicates thereof, provided that any such Stamped Confidential Documents, that may exist on any computer or back-up media from which it cannot be reasonably deleted, may be retained until such time as the media is subject to routine deletion or destruction provided that no person attempts to access or review the contents of the Stamped Confidential Documents unless allowed under the terms of this Order. The parties will certify, within forty-five (45) days of receipt of a written request for certification, that all Stamped Confidential Documents required to be returned or destroyed have been so returned or destroyed.  Unless otherwise ordered by the Court, counsel may retain: (a) copies of pleadings or other papers that have been filed with the Court and that contain Confidential or Highly Confidential - Attorneys' Eyes Only Information; (b) their work product; and (c) official transcripts and exhibits thereto. The terms and provisions of this Order will continue to apply to any such materials retained by counsel.

## X.     MODIFICATION PERMITTED; OTHER AGREEMENTS

Nothing in this Protective Order prevents any party or other non-party from objecting to discovery that it believes to be otherwise improper, or from seeking modification of this Order,

including further provisions for categories of documents requiring heightened protection. No modifications will be made except by advance written agreement of all parties or by order of the Court. Notwithstanding the foregoing, nothing in this Order does or is intended to supersede, modify, or control any existing or future Non-Disclosure Agreement to which any Defendant may be a party.

### XI. NON-WAIVER OF PRIVILEGES, CLAWBACK OF DISCLOSURE OF PRIVILEGED MATERIAL, AND THE PRIVILEGE LOG

A. The production of privileged or work-product protected documents, electronically stored information ("ESI") or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

B. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or other information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Further, this Order does not constitute any waiver of any party's right to withhold or redact information protected from disclosure by the attorney-client privilege, work product doctrine, joint defense privilege, common interest privilege, or other applicable privilege, protection, law, or regulation (collectively, "Privilege").

C. If a producing party ("Disclosing Party") discloses information that is subject to any Privilege ("Inadvertently Disclosed Information"), such disclosure will not constitute or be deemed a waiver or forfeiture of any claim of any attorney-client privilege, work product immunity, or any other Privilege or protection that the Disclosing Party would otherwise be entitled to assert with respect to the Inadvertently Disclosed Information and its subject matter in

15

the Litigation.  In no event will the production, disclosure, or transmission of Privileged material form the basis for a claim that the material is not so protected.

D. The Disclosing Party shall notify the other parties following discovery of Inadvertently Disclosed Information, and the other parties ("Returning Parties") must thereafter return or destroy, within seven (7) days, all copies of such Inadvertently Disclosed Information and provide a certification of counsel that all such Inadvertently Disclosed Information has been returned or destroyed.  Any Inadvertently Disclosed Information that may exist on any computer or back-up media which cannot be reasonably deleted may be retained until such time as the media is subject to routine deletion or destruction provided that no person attempts to access or review the contents of the Inadvertently Disclosed Information.  Notice of such disclosure will be deemed to apply to all copies of the documents, information, or materials disclosed.

E. From the moment a Disclosing Party provides notice of Inadvertently Disclosed Information, the Returning Parties shall promptly sequester the Inadvertently Disclosed Information and shall not copy, distribute, file, or otherwise use in any manner, the disputed documents, information, or materials, and shall instruct all persons to whom the Returning Parties have disseminated a copy of the documents, information, or materials that the documents, information, or materials are subject to this Order and may not be copied, distributed, or otherwise used pending the motion and further instruction from the Court.

F. The Returning Parties may move to the Court for an Order compelling production of the Inadvertently Disclosed Information.  Such motion must be filed under seal and cannot assert, as a ground for entering such an Order, the fact that the document was inadvertently disclosed. On any such motion, the Disclosing Party retains the burden of establishing its Privilege claims.  Nothing in this paragraph shall limit the right of any party to petition the Court for an *in*

*camera* review of the Inadvertently Disclosed Information.

G. Regardless of whether the Disclosing Party used reasonable procedures to screen out Privileged materials, the parties agree that they shall not argue, assert, or contend, in this forum or any other, that any privileges were waived as a result of any disclosures or Privileged materials in this action.

H. Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party that such materials have been produced.

I. **Preparation of a Privilege Log:** All Producing Parties will provide a privilege log that identifies documents he, she, or it has withheld from production or produced in redacted form on the ground that such documents constitute or contain Privileged Material. At minimum, and where applicable, the Privilege Log must identify for each document: (1) the Bates number; (2) the type and basis for the privilege; (3) the names of the author(s) and recipient(s), including blind copyees; (4) the custodian; (5) a general description of the document that, without revealing information itself privileged or protected, is sufficient to understand the subject matter of the document and the basis of the claim of privilege or protection; (6) the date the document was created, sent, or last modified; and (7) the general nature of the legal advice requested or provided therein or a description of why it is protected by the attorney-client privilege, work-product doctrine, or any other privilege. For a chain of privileged emails, the Producing Party may include only one entry on the privilege log for the entire email chain and need not log each email contained in the chain separately, provided that any non-privileged portion or attachment to the email chain is produced.

J. The parties are not required to record on a privilege log documents entirely from or

17

between a party and its counsel that are dated on or after the date in which the party retained counsel in connection with the Litigation, that are subject to assertions of attorney-client privilege or attorney work product. Notwithstanding the foregoing, to the extent not objected-to on other grounds and otherwise responsive to any discovery request, privileged communications regarding interactions or communications with any regulator or government agency, if any, shall be logged, irrespective of the involvement of counsel, including outside counsel who were retained for this Action.

K. Privilege logs shall be produced in Excel format. The Producing Party shall provide an exhibit, which shall be updated as needed, to the privilege log listing the names and employers of all attorneys or other legal staff or legal personnel whose names appear on the log.

L. The Parties shall produce a privilege log corresponding to a production of documents within 30 days of the production. The rolling privilege logs from the Producing Party shall be produced in a cumulative manner, incorporating on each subsequently produced privilege log the previously produced privilege logs. The correspondence accompanying each privilege log shall indicate the document production volume(s) and Bates range(s) to which the privilege log applies.

**XII. INADVERTENT PRODUCTION OR DISCLOSURE OF CONFIDENTIAL OR HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY INFORMATION**

In the event that a party discovers that it inadvertently produced Confidential or Highly Confidential - Attorneys' Eyes Only Information without stamping the required legend, the Producing Party must contact the receiving parties and inform the receiving parties in writing of the inadvertent production and the specific inadvertently produced material at issue. Such inadvertent or unintentional disclosure will not be deemed a waiver, in whole or in part, of the Producing Party's claim of confidentiality, either as to specific documents and information

18

disclosed or as to the same or related subject matter. Upon receipt of such notice, the receiving party or parties will sequester the documents in a secure location until they are replaced by the Producing Party with the proper confidentiality stamp. Upon receiving replacement documents with the correct confidentiality stamping, the receiving party will destroy the previous versions that do not contain the correct confidentiality stamping. Any such versions that may exist on any computer or back-up media which cannot be reasonably deleted may be retained until such time as the media is subject to routine deletion or destruction provided that no person attempts to access or review the contents of those versions unless allowed under the terms of this Order. Notice of inadvertent or erroneous disclosure will be deemed to apply to all copies of the document disclosed. Each receiving party must further notify every person or organization that received copies of or access to the material identified in a notice that such material contains Confidential or Highly Confidential - Attorneys' Eyes Only Information.

### XIII. USE OF CONFIDENTIAL OR HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY INFORMATION AT TRIAL

Nothing in this Order shall preclude a party from introducing into evidence at trial or evidentiary hearing any Confidential or Highly Confidential - Attorneys' Eyes Only Information that is otherwise admissible under the applicable rules of evidence. At pre-trial proceedings, trial or evidentiary hearings, the Court may take such measures as the Court deems appropriate to protect the claimed confidential document or information sought to be admitted.

### XIV. NON-WAIVER OF OBJECTIONS

Neither this Order nor any of the procedures described above affects or constitutes a waiver of any party's right to object to the relevancy, admissibility, or discoverability of any information, material, or document, or of any party's right to seek an order that discovery or admissibility be had only subject to appropriate limits or restrictions, as provided by the Local Rules of this Court,

applicable rules of evidence, or any other applicable rules or law.

Respectfully submitted,

| | |
|---|---|
| By: /s/ James Bilsborrow<br>James Bilsborrow<br><br>Weitz & Luxenberg, PC<br>700 Broadway<br>New York, NY 10003<br>Telephone: (212) 558-5500<br>jbilsborrow@weitzlux.com<br><br>*Attorney for Plaintiffs* | By: /s/ Lori B. Leskin<br>Lori B. Leskin<br><br>Arnold & Porter Kaye Scholer LLP<br>250 West 55th Street<br>New York, NY 10019<br>Telephone: (212) 836-8541<br>Lori.Leskin@arnoldporter.com<br><br>*Attorney for Defendant* |

SO ORDERED.

Dated: August 3, 2022
      New York, New York

ANALISA TORRES
United States District Judge