WEITZ & LUXENBERG
A PROFESSIONAL CORPORATION
· LAW OFFICES ·

700 BROADWAY • NEW YORK, NY 10003-9536
TEL. 212-558-5500   FAX 212-344-5461
WWW.WEITZLUX.COM

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/16/2023
```

November 15, 2023

*Via ECF*

Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

  Re: *Brown v. Coty, Inc.*, No. 1:22-cv-02696-AT

Dear Judge Torres:

  The parties write jointly pursuant to Your Honor's Individual Rule II.C to raise a discovery dispute with the Court. In particular, the parties disagree as to the status of discovery pending the Court's resolution of Defendant's Motion to Dismiss the Amended Complaint. Plaintiffs contend that discovery is open and permitted, while Defendant's position is that discovery should remain closed until a ruling on the motion to dismiss the Amended Complaint.

  On March 29, 2023, the Court granted Defendant's Motion to Dismiss the Complaint. ECF No. 61. Plaintiffs filed an Amended Complaint on May 12, 2023, ECF No. 64, and Defendant moved to dismiss the Amended Complaint on July 11, 2023, ECF No. 79. Defendant's Motion to Dismiss was fully briefed on September 15, 2023. ECF No. 83.

  On October 13, 2023, the parties met and conferred via Zoom to discuss the dispute. James Bilsborrow of Weitz & Luxenberg and Christopher Ayers of Seeger Weiss LLP were present for Plaintiffs; Lori Leskin and Dean Porter of Arnold & Porter Kaye Scholer LLP were present for Defendant. The meeting lasted approximately thirty minutes and took place at 10:30 am Eastern Time.

  **Plaintiffs' Position**:

  In this putative class action lawsuit, Plaintiffs allege that two of Defendant's waterproof mascara products—Lash Blast Volume and Clump Crusher (the "Products")—contain toxic per- and polyfluoroalkyl substances ("PFAS") that are not disclosed on the products' labels or on their publicly-available ingredient lists. Prior to initiating suit, Plaintiffs arranged for an independent lab

220 LAKE DRIVE EAST, SUITE 210 • CHERRY HILL, NJ 08002 • TEL 856-755-1115
1880 CENTURY PARK EAST, SUITE 700 • LOS ANGELES, CA 90067 • TEL 310-247-0921
3011 WEST GRAND BLVD., 24TH FLOOR • DETROIT, MI 48202 • TEL 313-800-4170


2179-123

to test the Products. Multiple PFAS were detected in the Products, including PFOA, which the EPA has characterized as a likely human carcinogen in even minute quantities.

Plaintiffs' position is that discovery is open and the parties are obligated to participate in the discovery process absent an order staying discovery proceedings. Indeed, the parties have twice previously moved to stay discovery pending a ruling on motion to dismiss, and the Court has twice denied the request. *See* ECF Nos. 18, 56.

Limited discovery has been exchanged already in this matter, and it is sensible and efficient for the parties to continue the discovery process while the Court considers the pending dismissal motion. Prior to the Court's ruling on the motion to dismiss the Complaint, the parties engaged in limited discovery pursuant to a Civil Case Management Plan and Scheduling Order. *See* ECF No. 60. Plaintiffs' discovery efforts were focused on understanding how PFAS enters Defendant's proprietary manufacturing process. The parties exchanged requests for production and responses thereto and engaged in multiple meet and confer sessions to discuss disputes arising from these discovery requests. Ultimately, Defendant produced only a small number of non-custodial documents and has yet to disclose those current and former employees who possess potentially relevant information. Defendant also has not disclosed all custodial and non-custodial data sources containing potentially relevant information, as required by the stipulated ESI protocol. Search terms have been exchanged but not agreed to. There is significant work still to be done.

Notably, discovery, including deposition testimony, is necessary concerning how Defendant uses materials in its manufacturing process that contain PFAS. To this end, and to understand how PFAS was contaminating the finished products, Plaintiffs propounded a narrow set of interrogatories seeking to understand Defendant's quality control and quality assurance processes, the raw materials used in the manufacturing process, and the toxicity and finished product testing performed (if any) on the Products. Before Defendant responded to these interrogatories, however, the Court issued its ruling on the motion to dismiss. The interrogatories remain outstanding, and Defendant has not answered.

In its briefing papers seeking dismissal of Plaintiffs' Amended Complaint, Defendant argued (wrongly) that Plaintiffs could no longer "allege that Defendant intentionally added PFAS as an ingredient" to the Products and instead "speculate that the purported presence of PFAS chemicals may be from unintentional means." ECF No. 80 at 1. Plaintiffs disputed this contention, noting that Defendant has not produced sufficient information to determine the source of the PFAS in its Products. Only Defendant knows the manner in which it has introduced PFAS into its Products and discovery, which has been sought but not provided, is required to answer this question. Any suggestion that Defendant did not intentionally introduce PFAS into its Products (which is unnecessary to prove for the Court to deny Defendant's motion to dismiss) is based on an incomplete and inaccurate description of the facts known thus far. *See* ECF No. 82 at 5 & n.2. Defendant should not be permitted to utilize incomplete discovery produced to date as a sword, yet also refuse to participate in discovery that would yield a complete and accurate representation of its manufacturing process. Further, if Defendant did not intentionally add PFAS to its products, implemented robust quality control and assurance procedures, and conducted finished product testing, it should be eager for the full scope of its manufacturing process to be disclosed.

Permitting discovery to proceed will also allow the parties to exchange information they agreed to exchange as part of the Stipulation Regarding Discovery of Electronically Stored and Hard Copy Information, *see* ECF No. 47. Paragraph 6 of that Order obligates the parties to disclose information regarding corporate structure, data sources housing potentially relevant information,

non-custodial sources, and the identification of relevant third-party information. Although some of this information was exchanged prior to the Court's dismissal order, the exchange was incomplete.

Finally, Defendant produced only a narrow set of documents responsive to Plaintiffs' requests for production. At the time of the Court's dismissal order, the parties were negotiating search terms. Those negotiations should continue so document productions that were in progress can be completed.

Plaintiffs respectfully request that they be permitted to resume the discovery that was previously underway. Moving forward while the Court considers Defendant's Motion to Dismiss will ensure that this case proceeds expeditiously if any claim overcomes Rule 12.

**Defendant's Position:**

Plaintiffs request that this Court reopen discovery that was closed when it dismissed then-Plaintiff Deborah Brown's complaint in its entirety. During the pendency of Coty's motion to dismiss Brown's original complaint, the parties did engage in initial discovery under the schedule ordered by the Court. As part of that discovery, and by agreement as to the limited nature of discovery to take place, Coty provided documents that Brown requested, including those related to the Products' ingredients and composition and Plaintiff provided Coty with its testing results, which included—as referenced in the Motion to Dismiss—purported results for a single sample of Coty's Products at issue in this case. When the Court granted Coty's motion and dismissed Brown's complaint in its entirety, the Court also terminated or adjourned, *sine die*, all existing case deadlines. [Dkt. 61] At that point, because this Court held that Brown had not stated a claim, discovery was closed and, indeed, there was no operative complaint on which to base any discovery. *Id.* Plaintiffs—now Brown plus nine others—have attempted to address the inadequacies in the original complaint through an amended pleading. Coty maintains that the same deficiencies (and others) remain and has moved to dismiss the Amended Complaint, and its motion is fully briefed. No preliminary conference has been held and no discovery schedule has been entered (or requested).

Since this Court has already once found that they failed to state a claim, Plaintiffs now return to the Court under different circumstances. The Second Circuit makes clear that "[a] plaintiff who has failed adequately to state a claim is not entitled to discovery." *Main St. Legal Services, Inc. v. National Sec. Council*, 811 F.3d 542, 567 (2d Cir. 2016) citing *Ashcroft v. Iqbal*, 556 U.S. 662, 662 (2009) (holding that where complaint fails pleading requirements, plaintiff "is not entitled to discovery, cabined or otherwise"). This is especially true here, where Plaintiffs' amended pleading also fails to state a claim.

In the two months since briefing was completed, this District has twice dismissed claims brought under the same or similar theories as Plaintiffs. In *Hicks et al. v. L'Oréal U.S.A., Inc.*, Judge Cronan dismissed a strikingly similar complaint brought by the same counsel that represent Plaintiffs here, which alleged that certain L'Oréal Paris and Maybelline lines of waterproof mascara products were misleadingly advertised because, according to plaintiffs, the products contained PFAS. *Hicks et al. v. L'Oréal U.S.A., Inc.*, 1:22-cv-01989 (JPC), Dkt. 39 (S.D.N.Y. Sept. 30, 2023).[1] There, the plaintiffs relied on the same Notre Dame study and allegations of independent testing that Plaintiffs do here. Judge Cronan held that the Hicks plaintiffs failed to allege standing because they "have not adequately pleaded that the mascaras they purchased contained PFAS nor that there was a material risk thereof," finding that "[t]he Amended Complaint's allegations boil down to

---

[1] Coty submitted a Notice of Supplemental Authority regarding the *Hicks* case on October 11, 2023. [Dkt. 84]

3

describing general and unspecific results of testing, without meaningfully linking those results to Plaintiffs' actual Purchased Products beyond Plaintiffs' 'information and belief.'" *Id.* at 18. More recently, in *Esquibel et al. v. Colgate-Palmolive Co. et ano*, Judge Swain dismissed another similar complaint brought by members of Plaintiffs' counsel, where plaintiffs alleged their testing detected the presence of undisclosed PFAS in natural Tom's of Maine mouthwash products, including the presence of PFOA "in amounts 85 times the EPA's recommended levels." *Esquibel et al. v. Colgate-Palmolive Co. et ano*, 1:23-cv-00742 (LTS) Dkt. 47 (S.D.N.Y. Nov. 9, 2023).[2] As in *Hicks*, Judge Swain found that the plaintiffs failed to allege injury-in-fact because "[o]n the basis of Plaintiffs' sparse factual allegations, the Court cannot conclude that the presence of PFAS in bottles that Plaintiffs purchased was anything more than a 'sheer possibility.'" *Id.* at 5 quoting *Iqbal*, 556 U.S. at 678. Here, Plaintiffs' Amended Complaint contains the same allegations, and will fail along the same lines, as those in *Hicks* and *Esquibel*.

Perhaps recognizing that their Amended Complaint will fail to state a claim because they did not test their own products, Plaintiffs ask this Court to allow issue-specific requests against Coty, stating that "discovery, including deposition testimony, is necessary concerning how Defendant uses materials in its manufacturing process." Pg. 2, *supra*. But this is precisely *why* the Second Circuit disallows discovery after a plaintiff has failed to state a claim. *See Main Stret Legal Services*, 811 F.3d at 567. Using discovery to launch a fishing expedition against a party who is not yet properly before the court is a misuse of the discovery process. "[D]iscovery is authorized solely for parties to develop the facts in a lawsuit in which a plaintiff has stated a legally cognizable claim, not in order to permit a plaintiff to find out whether he has such a claim, and still less to salvage a lawsuit that has already been dismissed for failure to state a claim." *Podany v. Robertson Stephens, Inc.*, 350 F.Supp.2d 375, 378 (S.D.N.Y.2004). By their own admission, Plaintiffs seek to do no more than that. Their request should be denied.

Respectfully submitted,

| | |
|---|---|
| /s/ *James Bilsborrow* | /s/ *Lori Leskin* |
| James Bilsborrow | Lori Leskin |
| Weitz & Luxenberg, PC | Arnold & Porter LLP |
| 700 Broadway | 250 West 55th Street |
| New York, NY 10003 | New York, NY 10019 |
| | |
| *Attorney for Plaintiffs* | *Attorney for Defendant* |

The Court has not stayed discovery. However, the parties' most recent case management plan, ECF No. 60, ordered fact discovery to close by May 26, 2023. The parties shall not proceed with discovery until there is an operative case management plan. Accordingly, by **December 18, 2023**, the parties shall jointly submit an amended case management plan.

SO ORDERED.

Dated: November 16, 2023
          New York, New York

ANALISA TORRES
United States District Judge