USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __12/19/2023__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEBORAH BROWN, *et al.*, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

COTY, INC,

    Defendant.

Civil Action No.: 1:22-cv-02696-AT

**SECOND AMENDED CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER**

ANALISA TORRES, United States District Judge:

This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Rule 26(f)(3), Fed. R. Civ. P.

1. All parties (~~consent~~) **do not consent** to conducting all further proceedings before a magistrate judge, including motions and trial. 28 U.S.C. § 636(c). [Circle one.] The parties are free to withhold consent without adverse substantive consequences. [If all parties consent, the remaining paragraphs need not be completed.]

2. This case **is** ~~(is not)~~ to be tried to a jury. [Circle one.]

3. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within **30 days** from the date of this Order.

4. Initial disclosures, pursuant to Rule 26(a)(1), Fed. R. Civ. P., were exchanged by the parties on July 13, 2022. The Court entered a Stipulated Protective Order of Confidentiality on August 3, 2022 (Dkt. 41) and Stipulation Regarding Discovery of Electronically Stored and Hard Copy Information ("ESI Order") on August 29, 2022 (Dkt. 47).

5. All <u>fact</u> discovery shall be completed no later than **May 26, 2024**. [A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances. **The Court will not stay discovery pending its decision on any motion**.][1]

6. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the written consent of all parties without application to the

---

[1] The parties respectfully request that this Court consider this case one with unique complexities or other exceptional circumstances, and so-order an extended discovery period and the stipulations concerning fact discovery related to class certification outlined in Paragraph 13(C) below.

Court, provided that all fact discovery is completed by the date set forth in paragraph 5 above:[2]

    a.    Initial requests for production of documents have been served.
    b.    Initial interrogatories have been served.
    c.    Depositions to be completed by **May 24, 2024**.
    d.    Requests to Admit to be served no later than **April 14, 2024**.

7.    a.    All <u>expert</u> discovery shall be completed no later than **August 30, 2024.**
[Absent exceptional circumstances, a date forty-five (45) days from the date in paragraph 5, <u>i.e.</u> the completion of all fact discovery.][3]

    b.    No later than thirty (30) days prior to the date in paragraph 5, <u>i.e.</u> the completion of all fact discovery, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 7(a).

8.    All motions and applications shall be governed by the Court's Individual Practices, including pre-motion conference requirements, except that motions in <u>limine</u> may be made without a pre-motion conference on the schedule set forth in paragraph 11. Pursuant to the authority of Rule 16(c)(2), Fed. R. Civ. P., any motion for summary judgment will be deemed untimely unless a request for a pre-motion conference is made in writing within fourteen (14) days of the date in paragraph 5, <u>i.e.</u>, the close of fact discovery.

9.    All counsel must meet face-to-face for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

10.    a.    Counsel for the parties have discussed an informal exchange of information in aid of an early settlement of this case and have agreed upon the following:

<u>The parties do not agree to any exchange of informal information at this time.</u>

    b.    Counsel for the parties have discussed the use of the following alternative dispute resolution mechanisms for use in this case: (i) a settlement conference before a magistrate judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator. Counsel for the parties propose the following alternative dispute resolution mechanism for this case: <u>The parties do not agree to participate in the Southern District of New York's mediation program</u>

---

[2] The parties have stipulated to additional discovery milestones, which are reflected in Paragraph 13(C).
[3] The parties respectfully request that this Court consider this case one with unique complexities or other exceptional circumstances, and so-order the stipulations concerning expert discovery outlined in Paragraph 13(E) below.

at this time. The parties will continue to meet and confer while discovery progresses to identify the most appropriate ADR.

  c. Counsel for the parties recommend that the alternative dispute resolution mechanism designated in paragraph b, be employed at the following point in the case (e.g. within the next sixty days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery)
N/A

  d. The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

11. The Final Pretrial Submission Date is thirty (30) days following the close of fact and expert discovery (whichever is later). By the Final Pretrial Submission Date, the parties shall submit a Joint Pretrial Order prepared in accordance with the Court's Individual Practices and Rule 26(a)(3), Fed. R. Civ. P. Any motions in limine shall be filed after the close of discovery and before the Final Pretrial Submission Date and the pre-motion conference requirement is waived for any such motion. If this action is to be tried before a jury, proposed *voir dire* questions, jury instructions and verdict form shall also be filed by the Final Pretrial Submission Date. Counsel are required to meet and confer on a joint submission of proposed jury instructions and verdict form, noting any points of disagreement in the joint submission. Jury instructions may not be submitted after the Final Pretrial Submission Date, unless they meet the standard of Rule 51(a)(2)(A), Fed. R. Civ. P. If this action is to be tried to the Court, proposed findings of fact and conclusions of law should be submitted by the Final Pretrial Submission Date.

12. Counsel for the parties have conferred and their present best estimate of the length of trial is: 1 week.

13. [Other items, including those in Rule 26(f)(3).]

(A) The parties refer to paragraph 4.

(B) Without prejudice to the ability to adjust the scope of discovery, Plaintiff intends to seek discovery on the following subject areas: design and manufacturing of the subject cosmetic products, including the use of PFAS; quality control and testing of the subject products; corrective actions that may have been triggered by early testing results; customer complaints; pricing and profit margin analysis related to the subject products; marketing, advertising, and sales of the subject products; any investigation and root cause analysis; communications with FDA or other governmental agencies regarding the subject products and/or PFAS; Defendant's knowledge of PFAS in the subject products; issues related to class certification, including but not limited to, ascertainability and numerosity. As discovery progresses, Plaintiff reserves all rights to seek relevant discovery on other issues that may arise. Plaintiff further contends that discovery should not be completed in phases.

Defendant has moved to dismiss all of Plaintiffs' claims with prejudice, and that motion is pending before the Court. Defendant contends that it is premature at the pre-answer stage, particularly in light of the dismissal of the initial complaint and the pendency of Defendant's motion to dismiss the amended complaint for failure to remedy the deficiencies identified in that order, to identify the subjects on which discovery may be needed, or to decide whether discovery should be conducted in phases or be limited to or focused on particular issues. If discovery continues during the pendency of the motion to dismiss, Defendant will seek

3

information on Plaintiffs' testing methods, the results, and their purchases of the Products, including whether the purchased Products were tested for the presence of PFAS.

(C) The parties have stipulated to add the following discovery milestones to this CMO:

    (i) The parties will conclude meet and confers concerning discovery requests no later than January 24, 2024.

    (ii) The parties will disclose the items contemplated under Paragraphs 6-10 of the ESI Order no later than January 31, 2024.

    (iii) The parties shall resume making document productions in February 2024, and shall regularly produce documents thereafter until their respective document productions are complete. The parties shall substantially complete their document productions no later than April 26, 2024.

The parties jointly request the right to petition the Court for a brief resumption of the fact discovery period, including the right to conduct additional fact witness depositions, if necessary, after this Court's decision on a motion for class certification.

The parties further request the right to petition the Court for an extended merits-based fact and expert discovery period, if necessary.

(D) Plaintiff requests the right to seek leave to amend the complaint within 30 days of the Court's order on the motion to dismiss. Defendant reserves the right to oppose any request for leave.

(E) The parties anticipate extensive expert discovery concerning both class and merits issues, and on that basis request a 45-day extension of the expert discovery period, as reflected in Paragraph 7(a), for a total of 90 days of expert discovery.

(F) The parties request the right to submit a proposed class certification motion schedule or briefing schedule for Court approval, which may seek to modify or extend the dates stipulated above, if the parties believe exceptional circumstances are present.

(G) The parties will continue to meet and confer pursuant to Federal Rule of Civil Procedure 26(f)(3) regarding any further additions.

-------------------------------------------------------------------------------------------------------------------

**TO BE COMPLETED BY THE COURT:**

The Plan has been reviewed by the Court and, except as modified, is adopted as the Scheduling Order of this Court in accordance with Rule 16(b), Fed. R. Civ. P.

14. The next Case Management Conference is scheduled for __**June 18, 2024**__ at __**11:00 a.m.**__

15. The parties are directed to file a joint status report not later than one week in advance of the Case Management Conference. The parties should indicate whether they anticipate filing motion(s) for summary judgment and whether they believe the case should be referred to a Magistrate Judge for settlement discussions. The parties are reminded that, pursuant to paragraph 8, a pre-motion conference request for any motion for summary judgment must be made within fourteen (14) days of the close of fact discovery.

This ORDER may not be modified or the dates herein extended, except by further order of this Court for good cause shown. Any application to modify or extend the dates herein (except as noted in paragraph 6) shall be made in a written application in accordance with paragraph I.B. of the Court's Individual Practices and shall be made no less than five (5) days prior to the expiration of the date sought to be extended.

SO ORDERED.

_____

**ANALISA TORRES**

**United States District Judge**

Dated: December 19, 2023
New York, New York

6